# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **LINDA B.**,[1]<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>**ANDREW M. SAUL,** Commissioner of Social Security,<br><br>　　　　　Defendant. | Case No. 6:18-cv-742-SI<br><br>**OPINION AND ORDER** |

Nancy J. Meserow, 7540 SW 51st Ave., Portland, OR 97219. Of Attorneys for Plaintiff.

Billy J. Williams, United States Attorney, and Janice E. Hebert, Assistant United States Attorney, UNITED STATES ATTORNEY'S OFFICE, 1000 S.W. Third Avenue, Suite 600, Portland, OR 97204; Heather L. Griffith, Special Assistant United States Attorney, OFFICE OF GENERAL COUNSEL, Social Security Administration, 701 Fifth Avenue, Suite 2900 M/S 221A, Seattle, WA 98104. Of Attorneys for Defendant.

**Michael H. Simon, District Judge.**

　　　　Linda B. ("Plaintiff") seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("Commissioner") denying her application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act (the "Act"). For the

---

[1] In the interest of privacy, this opinion uses only the first name and the initial of the last name of the non-governmental party in this case. Where applicable, this opinion uses the same designation for a non-governmental party's immediate family member.

following reasons, the Commissioner's decision is REVERSED and REMANDED for further proceedings.

## STANDARD OF REVIEW

The district court must affirm the Commissioner's decision if it is based on the proper legal standards and the findings are supported by substantial evidence. 42 U.S.C. § 405(g); *see also Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989). "Substantial evidence" means "more than a mere scintilla but less than a preponderance." *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1222 (9th Cir. 2009) (quoting *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)). It means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quoting *Andrews*, 53 F.3d at 1039).

When the evidence is susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). Variable interpretations of the evidence are insignificant if the Commissioner's interpretation is a rational reading of the record, and this Court may not substitute its judgment for that of the Commissioner. *See Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193, 1196 (9th Cir. 2004). "[A] reviewing court must consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) (quoting *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006) (quotation marks omitted)). A reviewing court, however, may not affirm the Commissioner on a ground upon which the Commissioner did not rely. *Id.*; *see also Bray*, 554 F.3d at 1226.

## BACKGROUND

### A. Plaintiff's Application

Plaintiff filed an application for DIB on June 2, 2014, alleging disability beginning on May 30, 2014. AR 18, 75, 85, 90, 186. Plaintiff was born in June 1951 and was 63 years old as of the alleged disability onset date. AR 156. She alleged disability due to lumbar and cervical spine disorders, including scoliosis, cervical spondylosis, degenerative disc disease, osteoarthritis, demineralization of the spine, kyphosis, Klippel-Feil syndrome, and status post cervical fusion at C1-C3. AR 186. The Commissioner denied Plaintiff's application initially and upon reconsideration. AR 102-06. Thereafter, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). AR 125-26. In a decision dated March 10, 2017, the ALJ issued a decision finding Plaintiff was not disabled. AR 16-26. The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner. AR 1–6; *see also* 20 C.F.R. § 422.210(a). Plaintiff seeks judicial review of that decision. This Court has jurisdiction pursuant to 42 U.S.C. § 405(g).

### B. The Sequential Analysis

A claimant is disabled if he or she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A). "Social Security Regulations set out a five-step sequential process for determining whether an applicant is disabled within the meaning of the Social Security Act." *Keyser v. Comm'r Soc. Sec. Admin.*, 648 F.3d 721, 724 (9th Cir. 2011); *see also* 20 C.F.R. § 404.1520; *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). Each step is potentially dispositive. 20 C.F.R. § 404.1520(a)(4). The five-step sequential process asks the following series of questions:

1. Is the claimant performing "substantial gainful activity?" 20 C.F.R. § 404.1520(a)(4)(i). This activity is work involving significant mental or physical duties done or intended to be done for pay or profit. 20 C.F.R. § 404.1510. If the claimant is performing such work, she is not disabled within the meaning of the Act. 20 C.F.R. § 404.1520(a)(4)(i). If the claimant is not performing substantial gainful activity, the analysis proceeds to step two.

2. Is the claimant's impairment "severe" under the Commissioner's regulations? 20 C.F.R. § 404.1520(a)(4)(ii). An impairment or combination of impairments is "severe" if it significantly limits the claimant's physical or mental ability to do basic work activities. 20 C.F.R. § 404.1521(a). Unless expected to result in death, this impairment must have lasted or be expected to last for a continuous period of at least 12 months. 20 C.F.R. § 404.1509. If the claimant does not have a severe impairment, the analysis ends. 20 C.F.R. § 404.1520(a)(4)(ii). If the claimant has a severe impairment, the analysis proceeds to step three.

3. Does the claimant's severe impairment "meet or equal" one or more of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1? If so, then the claimant is disabled. 20 C.F.R. § 404.1520(a)(4)(iii). If the impairment does not meet or equal one or more of the listed impairments, the analysis continues. At that point, the ALJ must evaluate medical and other relevant evidence to assess and determine the claimant's "residual functional capacity" ("RFC"). This is an assessment of work-related activities that the claimant may still perform on a regular and continuing basis, despite any limitations imposed by his or her impairments. 20 C.F.R. §§ 404.1520(e), 404.1545(b)–(c). After the ALJ determines the claimant's RFC, the analysis proceeds to step four.

4. Can the claimant perform his or her "past relevant work" with this RFC assessment? If so, then the claimant is not disabled. 20 C.F.R. § 404.1520(a)(4)(iv). If the claimant cannot perform his or her past relevant work, the analysis proceeds to step five.

5. Considering the claimant's RFC and age, education, and work experience, is the claimant able to make an adjustment to other work that exists in significant numbers in the national economy? If so, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 404.1560(c). If the claimant cannot perform such work, he or she is disabled.

*Id. See also Bustamante v. Massanari*, 262 F.3d 949, 954 (9th Cir. 2001).

The claimant bears the burden of proof at steps one through four. *Id.* at 953; *see also Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999); *Yuckert*, 482 U.S. at 140–41. The Commissioner bears the burden of proof at step five. *Tackett*, 180 F.3d at 1100. At step five, the Commissioner must show that the claimant can perform other work that exists in significant numbers in the national economy, "taking into consideration the claimant's residual functional capacity, age, education, and work experience." *Id.*; *see also* 20 C.F.R. § 404.1566 (describing "work which exists in the national economy"). If the Commissioner fails to meet this burden, the claimant is disabled. 20 C.F.R. § 404.1520(a)(4)(v). If, however, the Commissioner proves that the claimant is able to perform other work existing in significant numbers in the national economy, the claimant is not disabled. *Bustamante*, 262 F.3d at 953–54; *Tackett*, 180 F.3d at 1099.

**C. The ALJ's Decision**

The ALJ performed the sequential analysis as noted above. AR 16-26. At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since the alleged onset date; additionally, the ALJ found Plaintiff met the insured status requirements of the Act through March 31, 2017. AR 18. At step two, the ALJ found Plaintiff had the following severe impairments: disorders of the spine including scoliosis, osteoarthritis of the spine, and status post spinal fusion. *Id*. At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that met or equaled the severity of one of the specific impairments listed in the regulations. AR 20.

The ALJ next determined Plaintiff's RFC and found she could perform sedentary work, with the following limitations:

> [Plaintiff] can lift and/or carry 10 pounds occasionally and less
> than 10 pounds frequently; she can stand and/or walk for two hours

> out of an eight-hour workday with regular breaks; she can sit for
> six hours out of an eight-hour workday with regular breaks. [She]
> can push and/or pull 10 pounds frequently, but not continuously,
> bilaterally with the upper extremities. [Plaintiff] can occasionally
> climb ramps and stairs and occasionally kneel, crouch and crawl.
> [She] can never climb ladders, ropes, or scaffolds. [She] can
> occasionally reach bilaterally. [Plaintiff] would require the ability
> to change positions, such as a sit-stand position, one time per hour.

AR 20. At step four, the ALJ found Plaintiff was able to perform her past work as a procedure scheduler and a business office account payable. AR 24. In the alternative, the ALJ determined at step five that there are other jobs existing in the national economy that Plaintiff is able to perform, including appointment scheduler, data examination clerk, and sorter. AR 25. Accordingly, the ALJ found Plaintiff was not disabled. AR 25-26.

## DISCUSSION

The parties agree that the ALJ erred in the following ways: (A) improperly evaluating the medical source evidence; (B) failing to credit Plaintiff's subjective symptom testimony; and (C) improperly rejecting the lay testimony. The Commissioner asks that the Court remand this case for further proceedings, and Plaintiff argues that the case should be remanded for benefits.

The decision whether to remand for further proceedings or for immediate payment of benefits is within the discretion of the Court. *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000). To determine which type of remand is appropriate, the Ninth Circuit uses a three-part test. *Id.* at 1020; *see also Treichler v. Comm'r*, 775 F.3d 1090, 1100 (9th Cir. 2014) ("credit-as-true" rule has three steps). First, the ALJ must fail to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion. *Garrison v. Comm'r*, 759 F.3d 995, 1020 (9th Cir. 2014). Second, the record must be fully developed, and further administrative proceedings would serve no useful purpose. *Id.* Third, if the case is remanded and the improperly discredited evidence is credited as true, the ALJ would be required to find the claimant disabled.

*Id.* To remand for an award of benefits, each part must be satisfied. *Id.*; *see also Treichler*, 775 F.3d at 1101 (When all three elements are met, "a case raises the 'rare circumstances' that allow us to exercise our discretion to depart from the ordinary remand rule."). The "ordinary remand rule" is the proper course except in rare circumstances. *Treichler*, 775 F.3d at 1101.

The Court has reviewed the entire record and agrees that the ALJ failed to provide legally sufficient reasons for rejecting Plaintiff's testimony; the lay witness testimony of Kimberly Hanson and Melissa Wood; and the medical opinions of Paula Ciesielski, M.D., and Victor Lin, M.D. Here, remand for further proceedings is appropriate because the opinions of Drs. Ciesielski and Lin conflict with the opinions of the reviewing Agency physicians, Thomas Davenport, M.D., and Sharon Eder, M.D. Specifically, Dr. Ciesielski and Lin opined that Plaintiff can work for only six hours in an eight-hour workday, and Drs. Davenport and Eder both opined that Plaintiff can sustain an eight-hour workday. *See* AR 81-83, 93-94, 275, 289, 316-17, 382.

Plaintiff argues that Dr. Ciesielski must be credited as a matter of law because she is a treating physician and therefore entitled to controlling weight. *Orn*, 495 F.3d at 631. The Court disagrees. The inquiry into whether Dr. Ciesielski's opinion is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in [the] record" and therefore entitled to controlling weight under *Orn v. Astrue* is a fact-specific inquiry that should be performed by the ALJ on remand. 495 F.3d at 631; *see also Dominguez v. Colvin*, 808 F.3d 403, 409 (9th Cir. 2015) (inconsistencies in the record can preclude the court from crediting evidence as true and require further administrative proceedings). Because there are outstanding conflicts in the record that must be resolved before a finding of disability can be made, this case is reversed and remanded for further proceedings. On remand, the ALJ should resolve the outstanding conflicts in the medical record, formulate a

correct RFC, and, if necessary, take new testimony from a VE to determine whether there are jobs that exist in significant numbers in the national economy that Plaintiff can perform.

## CONCLUSION

The Commissioner's decision is REVERSED and REMANED for further proceedings.

**IT IS SO ORDERED**.

DATED this 26th day of September, 2019.

*/s/ Michael H. Simon*
Michael H. Simon
United States District Judge